IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES RATCLIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-07371 |
| | ) |
| FREEDMAN ANSELMO LINDBERG, LLC | ) |
| and CAVALRY SPV 1, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, FREEDMAN ANSELMO LINDBERG, LLC ("Freedman"), by and through its attorneys, Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Complaint for Relief Pursuant to the Fair Debt Collection Practices Act, as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and Cavalry's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

**ANSWER:     Defendant admits that plaintiff's complaint purports to state claims under the FDCPA, but denies that it violated the FDCPA or any other law, denies that the plaintiff has been damages or is entitled to recover anything, and denies the remaining information in this paragraph.**

## JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:     Subject to its Affirmative Defenses, defendant does not contest jurisdiction.**

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:     Defendant does not contest venue.**

## PARTIES

4.     James is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:     Upon information and belief, defendant admits that plaintiff is a person who resides in the Northern District of Illinois.  Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the remaining information contained in Paragraph 4 because it does not know the nature of the plaintiff's underlying debt.**

5.     At all times relevant to the action; Freedman was a corporation in the state of Illinois with headquarters located at 1771 West Diehl Road, Suite 150, Naperville, Illinois 60566.

**ANSWER:     Defendant admits the information contained in Paragraph 5.**

6.     Freedman is a "debt collector" as defined by the FDCPA, U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:     Defendant admits that it acts as a debt collector as defined by the FDCPA in many instances and for many purposes.  Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief**

2

as to whether it acted as a debt collector with respect to the plaintiff because it does not know the nature of the plaintiff's underlying debt.

7.      At all times relevant to the action, Cavalry was a corporation in the state of New York with headquarters located at 500 Summit Lake Drive, #400, Valhalla, New York 105951.

**ANSWER:      Defendant admits the information contained in Paragraph 7.**

8.      Cavalry's registered agent in the state of Illinois is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago 60604.

**ANSWER:      Defendant admits the information contained in Paragraph 8.**

9.      Cavalry is a "debt collector" as defined by the FDCPA, U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:      Defendant denies that it acts as a debt collector as defined by the FDCPA in many instances and for many purposes and denies the remaining allegations contained in Paragraph 9.**

## FACTS SUPPORTING CAUSE OF ACTION

10.      Cavalry has been attempting to collect from James an alleged consumer debt in the amount of $11,973.15.

**ANSWER:      Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 10.**

11.      On March 18, 2014, Freedman, on behalf of Cavalry, filed a complaint in the Circuit Court of Cook County, Illinois against James. The case was captioned *Cavalry SPV 1, LLC as assignee of Chase Bank USA, N.A. (WAMU) v. James C. Ratcliff*, case number 2014 MI 116333 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case Complaint.

**ANSWER:      Defendant admits the information contained in Paragraph 11.**

12.      Freedman filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:      Defendant admits the information contained in Paragraph 12.**

13.     The Richard J. Daley Center Courthouse serves Cook County's First Municipal District.  *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:     Defendant admits the information contained in Paragraph 13.**

14.     Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:     Defendant admits the information contained in Paragraph 14.**

15.     Cases filed in the First Municipal District are identified by the abbreviation "Ml."

**ANSWER:     Defendant admits the information contained in Paragraph 15.**

16.     James resides at 706 Landwehr Road, Northbrook, Illinois 60062.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 16 because it does not know where plaintiff currently resides.**

17.     Northbrook, Illinois is located within Cook County, but is located within the Circuit Court of Cook County's Second Municipal District.  *Id*.

**ANSWER:     Upon information and belief, admit.**

18.     The Skokie Courthouse is the courthouse that serves the Circuit Court of Cook County's Second Municipal District.  *Id*.

**ANSWER:     Defendant denies the information contained in Paragraph 18 accurately characterizes the nature of the judiciary.**

19.     The Richard J. Daley Center Courthouse is 25 miles from James's home.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 19 because it does not know where plaintiff currently resides.**

130935439v1 0964319

20.     In contrast, the Skokie Courthouse is 10 miles from James's home.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 20 because it does not know where plaintiff currently resides.**

21.     In order for James to travel to the Skokie Courthouse from his home, he would merely have to drive on Dundee Road and Interstate 94 East and park in the free parking lot at the Skokie Courthouse.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 21 because it does not know where plaintiff currently resides.**

22.     According to Google Maps, the trip would take about 13 minutes.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 22 because it does not know where plaintiff currently resides.**

23.     In order for James to travel to the Richard J. Daley Center Courthouse, he must take Interstate 294 South to Chicago, locate expensive parking for his vehicle, and make his way there either on foot or via taxi.

**ANSWER:    Defendant denies the allegations contained in Paragraph 23.**

24.     According to Google Maps, this trip will take 29 minutes excluding the time spent in traffic, locating parking, and actually making the trek to the Richard J. Daley Center Courthouse.

**ANSWER:    Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 24 because it does not know where plaintiff currently resides.**

25. The courthouse closest to James's home is the Skokie Courthouse.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 25 because it does not know where plaintiff currently resides.**

26. As a result of Defendants' actions, James was forced to retain counsel that regularly practices in the First District and incurred substantial attorney fees and costs in order to defend the collection case at the Richard J Daley Center Courthouse.

**ANSWER:** **Defendant admits that plaintiff retained counsel to defend the collection case, but denies the remaining allegations in Paragraph 26.**

27. James also suffered from anxiety, mental anguish, and emotional distress as a result of Defendants' actions.

**ANSWER:** **Defendant denies the information contained in Paragraph 27.**

## COUNT I -- VIOLATION OF THE FEDERAL DEBT COLLECTION PRACTICES ACT (JAMES AGAINST FREEDMAN)

28. James repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

**ANSWER:** **Defendant restates and incorporates its responses to Paragraphs one through 27 as if fully restated herein.**

29. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant objects to the information in Paragraph 29 to the extent it calls solely for legal conclusions to which no response is required. To the extent a response is required, defendant denies the information in Paragraph 29.**

130935439v1 0964319

30.     15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:     Defendant objects to the information in Paragraph 30 to the extent it calls solely for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the information in Paragraph 30 accurately characterizes the law at the time the lawsuit against plaintiff was filed.**

31.     The closest courthouse to James's home is the Skokie Courthouse.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to defendant renders it unable to form a belief as to the information contained in Paragraph 31 because it does not know where plaintiff currently resides.**

32.     Freedman violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 15 miles further from James's house than the Skokie Courthouse.

**ANSWER:     Defendant objects to the information in Paragraph 32 to the extent it calls solely for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the information in Paragraph 32.**

33.     Freedman sued James at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:     Defendant denies the information contained in Paragraph 33.**

34.     Freedman's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:     Defendant denies the information contained in Paragraph 34.**

130935439v1 0964319

## COUNT II — VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (JAMES AGAINST CAVALRY)

35.     James repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

**ANSWER:** **The allegations contained in Paragraph 35 are not directed at Freedman and thus no response therefore is required.**

36.     The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **The allegations contained in Paragraph 36 are not directed at Freedman and thus no response therefore is required.**

37.     15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **The allegations contained in Paragraph 37 are not directed at Freedman and thus no response therefore is required.**

38.     The closest courthouse to James's home is the Skokie Courthouse.

**ANSWER:** **The allegations contained in Paragraph 38 are not directed at Freedman and thus no response therefore is required.**

39.     Cavalry violated 15 U.S.C. §1692i(a)(2) when it directed Freedman to file the Collection Case at the Richard J. Daley Center Courthouse, a location some 15 miles further from James's house than the Skokie Courthouse.

**ANSWER:** **The allegations contained in Paragraph 39 are not directed at Freedman and thus no response therefore is required.**

40.     Cavalry directed Freedman to sue James at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:** **The allegations contained in Paragraph 40 are not directed at Freedman and thus no response therefore is required.**

130935439v1 0964319

41.     Cavalry's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:**     **The allegations contained in Paragraph 41 are not directed at Freedman and thus no response therefore is required.**

## COUNT III -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (JAMES AGAINST CAVALRY)

42.     Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

**ANSWER:**     **The allegations contained in Paragraph 42 are not directed at Freedman and thus no response therefore is required.**

43.     The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  815 ILCS 505/2.

**ANSWER:**     **The allegations contained in Paragraph 43 are not directed at Freedman and thus no response therefore is required.**

44.     Cavalry violated 815 ILCS 505/2 when it engaged in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its efforts to collect a debt from James.

**ANSWER:**     **The allegations contained in Paragraph 44 are not directed at Freedman and thus no response therefore is required.**

130935439v1 0964319

45.     Specifically, Cavalry's active participation in the Collection Case, with knowledge that the case was filed in the wrong district, was intended only to deceive James into believing that the First Municipal District is the venue where he must defend the case, when in fact, he would have been able to defend the Collection Case in the more convenient Skokie Courthouse.

**ANSWER:**    **The allegations contained in Paragraph 45 are not directed at**

**Freedman and thus no response therefore is required.**

46.     Cavalry regularly obtains default judgments against consumers by knowingly filing collection actions against them in venues that are convenient for Cavalry, and its attorneys, and purposely inconvenient and discouraging for the consumer who may not otherwise have the means to travel the long distances.

**ANSWER:**    **The allegations contained in Paragraph 46 are not directed at**

**Freedman and thus no response therefore is required.**

47.     Cavalry's self-serving pattern and practice of filing collection actions against consumers, with actual knowledge that such a practice increases the probability of default judgments against consumers, amounts to an unfair debt collection practice effectuated through the courts.

**ANSWER:**    **The allegations contained in Paragraph 47 are not directed at**

**Freedman and thus no response therefore is required.**

48.     Cavalry's pattern and practice described above amounts to an unfair, deceptive and improper use of the courts in connection with the collection of a debt.

**ANSWER:**    **The allegations contained in Paragraph 48 are not directed at**

**Freedman and thus no response therefore is required.**

49.     Cavalry's active concealment of the proper venue constitutes a material misrepresentation made in the conduct of trade or commerce.

**ANSWER:**    **The allegations contained in Paragraph 49 are not directed at**

**Freedman and thus no response therefore is required.**

130935439v1 0964319

50.    Cavalry intended that James rely on its misrepresentation in its attempts to obtain a default judgment against him in the improper venue.

**ANSWER:    The allegations contained in Paragraph 50 are not directed at Freedman and thus no response therefore is required.**

51.    ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person.  The court, in its discretion may award actual economic damages or any other relief which the court deems proper.  815 ILCS 505/10a.

**ANSWER:    The allegations contained in Paragraph 51 are not directed at Freedman and thus no response therefore is required.**

52.    James was harmed by Cavalry's unfair and deceptive practices because he was led to believe he had to expend unnecessary time and energy traveling to the wrong venue.

**ANSWER:    The allegations contained in Paragraph 52 are not directed at Freedman and thus no response therefore is required.**

53.    As pled in paragraphs 26 and 27, James was harmed by Cavalry's deceptive business practices.

**ANSWER:    The allegations contained in Paragraph 53 are not directed at Freedman and thus no response therefore is required.**

54.    Moreover, these unfair and deceptive practices are part of a pattern and practice of behavior in which Cavalry routinely engages as part of its lucrative business model.

**ANSWER:    The allegations contained in Paragraph 54 are not directed at Freedman and thus no response therefore is required.**

55.    An award of punitive damages is appropriate because Cavalry's conduct described above was willful and wanton, and showed a reckless disregard for the protections afforded by ICFA, and James's rights thereunder.

**ANSWER:    The allegations contained in Paragraph 55 are not directed at Freedman and thus no response therefore is required.**

130935439v1 0964319

56.     Furthermore, punitive damages are warranted to deter Cavalry from further harmful misconduct.

**ANSWER:     The allegations contained in Paragraph 56 are not directed at Freedman and thus no response therefore is required.**

57.     As such, James is entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:     The allegations contained in Paragraph 57 are not directed at Freedman and thus no response therefore is required.**

**Affirmative Defenses**

*First Affirmative Defense - Standing*

For its First Affirmative Defense, defendant asserts that plaintiff lacks standing to bring the instant claims because plaintiff has no injury in fact, and thus he has no standing under Article III of the United States Constitution.

*Second Affirmative Defense – Bona Fide Error*

For its Second Affirmative Defense, Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA.  Here, Defendant relied, in good faith, upon the Seventh Circuit's ruling in Newsome v. Friedman, 76 F.3d 813 (7th Cir. 1996) which allowed collection lawsuits, such as the one at issue here, to be filed in the Cook County First Municipal District reasoning that Illinois Circuit Courts constitute judicial districts as defined by the FDCPA, but municipal department districts do not.  Newsome, 76 F.3d at 819-829.  Not only

130935439v1 0964319

did Defendant rely on this precedent, counsel for the Plaintiff relied on the same precedent for which they are now seeking damages. Plaintiff's counsel has brought numerous FDCPA claims and has never claimed damages for this alleged violation. Defendant also acted in accordance with the Circuit Court of Cook County's encouragement and structure designed to accommodate a large volume of lawsuits in Municipal I Division. In fact, the County's own website refers to "Collection Court" as being part of the Municipal I Division. *See* http://www.cookcountycourt.org/ABOUTTHECOURT/MunicipalDepartment/FirstMunicipalDistrictChicago.aspx. Therefore, any alleged violation of 15 U.S.C. §1692i occurred as a result of a bona fide error.

WHEREFORE, Defendant, FREEDMAN ANSELMO LINDBERG, LLC, respectfully request that judgment be entered in their favor and against Plaintiff, that Defendant be awarded their costs and fees herein, and that this Court enter such further relief as is just, necessary and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


/s/ *Justin M. Penn*
Justin M. Penn

Justin Penn
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com

130935439v1 0964319

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **November 19, 2014** I electronically filed the forgoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service to be served upon all parties of record.

HINSHAW & CULBERTSON LLP


s/*Justin M .Penn*
Justin M. Penn

14