```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

|  |  |
|---|---|
| JULIA MALDANADO,<br><br>    Plaintiff,<br><br>  v.<br><br>FREEDMAN ANSELMO LINDBERG,<br>LLC, and PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>    Defendants. | Case No. 14 C 6694<br>consolidated with<br>14 C 7091<br>14 C 7092<br>14 C 7371<br>14 C 7373<br>14 C 7374<br>14 C 7812<br>14 C 8173<br>14 C 8175<br>14 C 8217<br>14 C 10176<br>15 C 558<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court are the following Motions to Dismiss, which were filed under original case numbers before consolidation: (1) Defendants Freedman Anselmo Lindberg, LLC and Portfolio Recovery Associates, LLC's Motion to Dismiss Plaintiff Kathy Kethchum's Complaint [ECF No. 19 under 14 C 8217]; (2) Defendant Atlantic Credit & Finance Special Finance Unit LLC's Motion to Dismiss Count III of Plaintiff Nuha Jaber's Complaint [ECF No. 25 under 14 C 7374]; and (3) Defendant Cavalry SPV 1, LLC's Motion to Dismiss Count III of Plaintiff James Ratcliff's Complaint [ECF No. 17 under 14 C 7371]. For the reasons stated herein, all of the Motions are granted.

## I. BACKGROUND

These cases arise out of various debt collectors' attempts to secure repayment of obligations through obtaining default judgments in the amount of the delinquent debts. Plaintiffs brought suit challenging the method by which the default judgments were obtained. Several of Plaintiffs' Complaints allege that the debt collectors purposefully sought and secured default judgments against them in courts that are far from their homes, thereby violating state consumer fraud and federal fair debt collection statutes. The Court has previously deemed these cases related and consolidated them for ease of adjudication.

Kethchum's Complaint against Freedman and Portfolio alleges in part violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. According to Ketchum, Freedman and Portfolio violated the FDCPA when they filed a collection suit in the Circuit Court of Cook County, First District, Municipal One division, rather than the Markham Courthouse, which is closer to her residence in Calumet City, Illinois. *Id.* § 1692i(2). Freedman and Portfolio move to dismiss Ketchum's Complaint under Rule 12(b)(6), asserting that Ketchum's Complaint is time barred because she filed it after the applicable one-year statute of limitations.

Jaber's and Ratcliff's Complaints against debt collectors Atlantic Credit and Cavalry, respectively, are nearly identical.

Counts I and II allege FDCPA violations, similar to Kethchum's Complaint. But their Complaints also include a third count, which alleges that the debt collectors violated the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA") by purposefully filing collection cases at the Richard J. Daley Center Courthouse in the First Municipal District instead of the Bridgeview Courthouse which is closer to Jaber's residence or the Skokie Courthouse which is closer to Ratcliff's residence. Both courthouses are located in Cook County, the County in which both Jaber and Ratcliff reside. Atlantic Credit and Cavalry have each moved to dismiss Count III under Rule 12(b)(6). Because the briefing and issues related to these Complaints are virtually the same, the Court will consider both Motions jointly.

## II. <u>LEGAL STANDARD</u>

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must contain a short and plain statement showing the plaintiff is entitled to relief and providing the defendant with "fair notice" of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). A complaint need only contain sufficient factual allegations that,

if accepted as true, state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

### III. **ANALYSIS**

The Court will discuss the Motion to Dismiss Ketchum's Complaint before moving on to consider jointly the Motions to Dismiss Count III of Jaber's and Ratcliff's Complaints.

#### A. **Kethchum's Complaint is Time Barred**

The facts are undisputed that on September 11, 2013 Freedman and Portfolio filed a collection action against Kethchum in the Circuit Court of Cook County, Illinois. Kethchum was served on September 30, 2013, and on October 29, the Circuit Court entered a default judgment against her for failure to appear. Then, on November 12, 2013, Freedman and Portfolio filed a Motion to Collect on the judgment previously entered. Subsequently, on October 20, 2014, Ketchum filed her federal complaint, alleging that Freedman and Portfolio violated the FDCPA's venue provision by not filing suit against her at the Markham Courthouse, which is closer to her home.

The issue before the Court is when the statute of limitations begins to run for the purposes of § 1692i(a)(2). The FDCPA requires plaintiffs to bring actions under § 1692 "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Freedman and Portfolio argue that a "violation" under the FDCPA occurs when the collection action is filed or, in the alternative, when the complaint in the collection action is served. If this interpretation is correct, then Kethchum's claim is time barred because she did not file it until October 20, 2014, which is more than one year from both the date Freedman and Portfolio filed their collection action and the date on which Ketchum was served with it.

Under the relevant portion of the FDCPA venue provision:

Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or a similar legal entity (a) in which such consumer has signed the contract sued upon; or (b) in which such consumer resides . . . .

15 U.S.C. § 1692i(a)(2). Kethchum argues the phrase "any legal action" should be interpreted to allow claims to be brought within one year of *any action* taken by a defendant in the course of litigating the collection action. Thus, Kethchum posits that her Complaint, filed on October 20, 2014, was timely because she filed it within one year from the date of Freedman and Portfolio's two most recent "legal actions" in the underlying collection case: the default judgment they obtained on October 29, 2013, and their Motion to Collect on that judgment filed on November 12, 2013.

The Court disagrees with Kethchum's interpretation of § 1692i(a)(2) and finds Freedman and Portfolio's authority persuasive. Although the Seventh Circuit has not decided when a FDCPA violation occurs and thus, when the statute of limitations begins to run, several courts in this District and a few circuit courts have considered the issue. The consensus of these courts is that the statute of limitations begins to run when the alleged wrongful litigation begins. *Balik v. Blitt & Gaines, P.C.,* No. 14 C 8702, 2015 WL 764013, at *3 (N.D. Ill. Feb. 21, 2015); *Ford v. Blatt, Hasenmiller, Leibkser & Moore,* No. 14 C 9601 (N.D. Ill. Feb. 4, 2015); *Smith v. Markoff Law, LLC,* No. 14 CV 7809 (N.D. Ill. Feb. 4, 2015); *Komisar v. Blatt Hasenmiller Leibsker & More, LLC,* No. 14 CV 7948 (N.D. Ill. Jan. 29, 2015); *see also, Johnson v. Riddle,* 305 F.3d 1107, 1113 (10th Cir. 2002); *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997).

Here, Freedman and Portfolio filed their collection action in Cook County on September 11, 2013. Kethchum was served with the alleged wrongful collection action on September 30, 2013. The statute of limitations for an FDCPA claim arising out of that proceeding began to run on September 11, 2013, when the legal action began, giving Kethchum one year from that date to bring an action under the FDCPA. *See, e.g., Balik,* 2015 WL 764013, at *3. Because Kethchum did not file her Complaint until October 20, 2014, her claim is time barred.

### B. Stating a Claim Under the ICFA

Defendants Atlantic and Cavalry have brought identical Motions to Dismiss Count III of Ratcliff's and Jaber's Complaints, which allege ICFA violations. The ICFA prohibits "unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. To state a claim under the ICFA, a plaintiff must show: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair practice occurred during a course of conduct involving trade or commerce. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012). For ease of reference, the Court will refer only to Atlantic's Motion against Jaber in deciding both that Motion and Cavalry's Motion against Ratcliff.

Atlantic argues that Jaber's Complaint should be dismissed because (1) she cannot allege a claim under the ICFA based on a violation of the FDCPA; (2) she fails to plead conduct that is unfair or deceptive under the ICFA and relevant case law; (3) litigation is not "trade or commerce" under the ICFA; (4) she has not alleged that Atlantic's conduct caused her damages and has failed to plead actual damages, both of which are required

to recover on an ICFA claim; and (5) her claims are barred by the litigation privilege. Because the Court finds that Jaber cannot satisfy the first element required to state a claim under the ICFA — an unfair or deceptive practice — the Court need not discuss the other elements.

Atlantic argues that Jaber has failed to allege an unfair or deceptive practice because the allegedly unfair and deceptive practice was, at the time, appropriate under the then applicable law. At the time Atlantic filed the debt collection lawsuit that Jaber alleges was unfair, the Seventh Circuit in *Newsome* made Atlantic's choice of forum proper. *Newsome v. Friedman*, 76 F.3d 813 (7th Cir. 1996), *overruled by Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014). The FDCPA requires debt collectors to file lawsuits in the "judicial district" where the debtor resides, 15 U.S.C. § 1692i(a)(2)(A), (B), and *Newsome* held that "judicial district" meant any district within the Circuit Court of Cook County. *Newsome,* 76 F.3d at 817.

Since then, the Seventh Circuit in *Suesz* overruled *Newsome* and changed what constitutes a "judicial district" for FDCPA purposes. *Suesz,* 757 F.3d at 642-49. *Suesz* reinterpreted the FDCPA and held that "judicial district" refers to the specific division within the Circuit Court of Cook County where the debtor resides. *Id.* Also, the Seventh Circuit applied *Suesz* retroactively, thus paving the way for FDCPA claims like those

in Counts I and II of Jaber's Complaint. *Id.* at 650. The parties appear to agree, however, that *Suesz*'s retroactivity has no bearing on the propriety of an ICFA claim. In other words, the fact that *Suesz* allows FDCPA claims based on what used to be legal conduct does not automatically make that prior conduct deceptive or unfair under the ICFA. *See, Perperas v. United Recovery Sys., Inc.,* No. 96 C 7693, 1997 WL 136326, at *4 (N.D. Ill. Mar. 19, 1997) (finding that a violation of the FDCPA is not a *per se* violation of the Consumer Fraud Act; a plaintiff must independently plead an unfair or deceptive practice to state a claim under the ICFA).

Jaber argues that she has stated an independent claim under the ICFA, regardless of her FDCPA claims, because Atlantic filed its suit further away from her home than necessary, even if Atlantic's chosen forum was legal at the time. According to Jaber, this constitutes an unfair or deceptive practice, but Jaber has pointed to no case that finds similar conduct to be unfair or deceptive. The facts here are unique; the basis for Jaber's ICFA claim is conduct that was expressly authorized by Illinois' venue provision as well as binding Seventh Circuit precedent. Jaber does not dispute the legitimacy of the debt or the validity of the underlying lawsuit, aside from the court in which Atlantic filed, which further distinguishes her claim from typical fraud and deceptive practices claims.

In *Mehra v. Law Offices of Keith S. Shindler LTD and Cavalry SPV I, LLC,* the plaintiff, Mehra, brought claims under the FDCPA and the ICFA. No. 14 CV 07509 (N.D. Ill. Apr. 29, 2015). The court dismissed Mehra's ICFA claim, which alleged that the defendant engaged in deceptive or unfair practices by filing a debt collection action in the Richard J. Daley Center Courthouse instead of the Rolling Meadows Courthouse, which is closer to Mehra's home. *Mehra,* No. 14 CV 07509, at *3. The court addressed the fact that:

> venue is generally proper: (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of the action arose.

*Id.* at *4 (citing 735 ILCS 5/2-101). In discussing whether Mehra's allegations, based solely on the defendant's act of filing the underlying suit in an inconvenient district, sufficiently pleaded an unfair or deceptive act to state a claim under the ICFA, the court stated "[i]t would be anamolous to hold that Defendant committed fraud by filing their collection action in a venue specifically authorized by the state statute." *Id.* at *5. The Court agrees.

The Court also finds *Perperas* persuasive. In that case, the plaintiff brought suit under the FDCPA and the ICFA alleging that defendant United Recovery improperly attempted to collect a

debt after Perperas notified the company that he was represented by counsel. *Perperas,* 1997 WL 136326, at *1. In granting United Recovery's motion to dismiss, the court found that Perperas' complaint failed to allege any conduct or statements that were misleading or deceptive in order to state a claim under the ICFA. *Id.* at *4. United Recovery had merely attempted to collect an undisputed debt by way of contacting Perperas and his wife. *Id.* Although United Recovery should have gone through Perperas' counsel, its attempt to collect an undisputed debt, although improper, did not allege the kind of deceptive conduct or unfair statements contemplated by the ICFA. *Id.*

Like the debt collection activity in *Perperas,* here Atlantic's attempt to collect on a debt by filing suit in a more distant venue than necessary, while perhaps improper under the FDCPA, is not the kind of deceptive conduct that the ICFA contemplates. This is not to say that debt collectors that file lawsuits are exempt from ICFA liability. For example, debt collectors may violate the ICFA if they fabricate the debt or lie about their right to collect on a debt. *See, Grant-Hall v. Cavalry Portfolio Servs., LLC,* 856 F.Supp.2d 929, 945 (N.D. Ill. 2012) (finding that a debtor properly stated an ICFA claim where the complaint alleged the collection agency told consumers — and the court — that it had the right to file suit when it did not).

But Jaber does not dispute the underlying debt or Atlantic's right to collect on it. Because Jaber has failed to allege a deceptive or unfair practice, her ICFA claim must fail.

The Court must therefore dismiss Count III in Jaber's and Ratcliff's Complaints. They are not without a remedy, however, because *Suesz* paves the way for their claims in Counts I and II.

### IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Freedman and Portfolio's Motion to Dismiss Ketchum's Complaint [ECF No. 19 under 14 C 8217] is granted and the Complaint is dismissed with prejudice;

2. Atlantic's Motion to Dismiss Count III of Jaber's Complaint [ECF No. 25 under 14 C 7374] is granted; and

3. Cavalry's Motion to Dismiss Count III of Ratcliff's Complaint [ECF No. 17 under 14 C 7371] is granted.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 5/14/2015